UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>        Defendants. | No. 2:19-cv-00588-MCE-KJN (PS)<br><br>ORDER |

Plaintiff Sheila Halousek, who proceeds without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (internal citations omitted).

"Sovereign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity. The Supreme Court has frequently held that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (internal citations and punctuation marks omitted). "The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants." Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir. 1982).

Here, plaintiff attempts to bring a claim against a federal agency, the United States Postal Service (USPS), and the agency's contractor, Gold Eagle Market, based upon their alleged failure to safeguard plaintiff's monthly retirement checks. (See generally ECF No. 1.) Plaintiff brings her claim pursuant to the Federal Tort Claims Act ("FTCA").

The FTCA "waives the sovereign immunity of the United States for certain torts committed by federal employees under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." Vacek, 447 F.3d at 1250; 28 U.S.C. § 1346(b). However, under the FTCA:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting with the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Furthermore, an action under the FTCA:

> shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…." 28 U.S.C. § 2401(b). The requirement that a claimant first exhaust administrative remedies by filing a claim with the appropriate federal agency "is jurisdictional in nature and must be interpreted strictly." Vacek, 447 F.3d at 1250.[2]

Here, plaintiff has failed to allege that she exhausted her administrative remedies, prior to filing this action in federal court. Consequently, the court lacks federal subject matter jurisdiction over this action under the FTCA.

Therefore, the court dismisses plaintiff's complaint. Nevertheless, in light of plaintiff's pro se status, and because it is at least conceivable that plaintiff could allege additional facts to potentially state a claim under the FTCA, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

---

[2] In United States v. Wong, 135 S. Ct. 1625 (2015), the United States Supreme Court held that 28 U.S.C. § 2401(b) is a procedural, and not jurisdictional, time bar, which may be equitably tolled in an appropriate case. However, Wong did not disturb well-established precedent holding that the FTCA's administrative exhaustion requirement itself (i.e., presentation of the claim), as outlined in 28 U.S.C. § 2675(a), is jurisdictional. See, e.g., Bhatnagar v. United States, 2015 WL 4760386, at *5 (N.D. Cal. Aug. 12, 2015) (distinguishing section 2675(a)'s jurisdictional requirement from section 2401(b)'s non-jurisdictional statute of limitations).

If plaintiff elects to file an amended complaint, it shall be clearly captioned "First Amended Complaint" and shall cure the jurisdictional deficiencies identified above. Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the first amended complaint is filed, the original complaint no longer serves any function in the case.

Finally, nothing in this order requires plaintiff to file a first amended complaint. If plaintiff concludes that she is unable to truthfully allege that she has exhausted her administrative remedies, she may instead elect to voluntarily dismiss the matter without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint is dismissed, but with leave to amend.
3. Within 28 days of the date of this order, plaintiff shall file a first amended complaint in accordance with this order. Alternatively, if plaintiff no longer wishes to pursue this action in federal court, plaintiff shall file a notice of voluntary dismissal of the action without prejudice within 28 days of the date of this order.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal without prejudice by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: April 19, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE