UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>Defendants. | No. 2:19-cv-00588-MCE-KJN PS<br><br>ORDER |

On April 19, 2019, the court granted pro se plaintiff Sheila Halousek leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 3.) According to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Accordingly, after screening the complaint, the court dismissed the complaint with leave to amend, because plaintiff failed to allege that she had exhausted her administrative remedies prior to filing this action under the Federal Tort Claims Act. (ECF No. 3 at 3.)

Thereafter, plaintiff filed the first amended complaint. Plaintiff brings a claim pursuant to the Federal Tort Claims Act against the United States Postal Service ("USPS") and its contractor Golden Eagle Market, based upon their alleged failure to safeguard plaintiff's monthly retirement checks. (See generally ECF No. 4.) Plaintiff asserts that she previously brought this claim to the

1

USPS and that six months have passed without a final written disposition from the agency. (ECF No 4 at 2.)

Based on the limited record before the court, including plaintiff's assertion that she has exhausted her administrative remedies, see 28 U.S.C. § 2675(a), the court cannot conclude that plaintiff's action is frivolous, that the first amended complaint fails to state a claim upon which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant. The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendants from challenging plaintiff's first amended complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the court orders service of the first amended complaint on defendants.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Service of the first amended complaint is appropriate for defendants the United States Postal Service and Golden Eagle Market.

2. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

3. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

4. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons for each defendant to be served;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the first amended complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served.

5. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall,

within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.

7. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

8. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

9. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 2, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

halousek.588.directing service