UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA HALOUSEK,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES POSTAL SERVICE, ET AL.,<br><br>   Defendants. | No. 2:19-cv-0588-MCE-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 16) |

Presently pending before the court is defendant United States Postal Service's ("USPS") Motion to Dismiss for lack of subject-matter jurisdiction.[1]  Plaintiff has not filed an opposition, and the present motion was submitted without a hearing pursuant to Local Rule 230(g).

The undersigned has considered defendant's motion and the appropriate portions of the record in this case and, for the reasons stated below, recommends that defendant USPS's Motion to Dismiss be granted, non-moving defendant Golden Eagle Market be dismissed, and plaintiff's First Amended Complaint be dismissed with prejudice.

///

////

////

---

[1] This motion is referred to the undersigned by Local Rule 302(c)(21) for the entry of findings and recommendations.  See 28 U.S.C. § 636(b)(1)(B).

1

## I.   BACKGROUND[2]

Plaintiff is suing the United States Postal Service under the Federal Tort Claims Act based on the alleged loss or mishandling of plaintiff's mail at her PO Box located inside the Golden Eagle Market in Marysville, California.  (See ECF No. 4 at 5.)  Plaintiff's "Statement of Claim" spans a single page and is largely vague.  Based on plaintiff's complaint, Golden Eagle Market is a contractor of USPS who manages and operates the PO Box location.  (See id. at 1-2.)  Although plaintiff names Golden Eagle Market as a defendant, plaintiff does not address the Market in her complaint and instead attributes the alleged wrongdoings entirely to USPS including "the post office, postal workers, and post office contractors[.]"  (Id. at 5.)

Plaintiff claims that, on an unspecified date, she attempted to access her PO Box but found that the locks were changed.  (See id.)  At that time, plaintiff claims she had been forwarding her mail from the PO Box for an unspecified period of time due to an extended stay with family.  (Id.)  When plaintiff inquired about the changed locks, plaintiff claims defendants informed her that she no longer needed the PO Box since she was forwarding her mail.  (Id.)  Based solely on these facts, plaintiff claims that defendants must have intentionally given access to her PO Box and mail to others without her knowledge or consent, despite the fact that her complaint indicates the mail was being forwarded.  (Id.)  Subsequently and as a result of this situation, plaintiff alleges that "many months" of "[p]laintiff's monthly CalPERS' stipend [checks were] lost/missing."  (Id.)  Plaintiff claims that she had sole access to the PO Box, and upon realizing the locks were changed, "reminded [d]efendants that[] her PO Box was for her use as long as she continued to pay for it, and at that time it was still paid for."  (Id.)  Therefore, plaintiff claims that "the loss of her mail and checks, her personal property, was intentional and deliberate[.]"  (Id.)  Plaintiff does not indicate whether she has attempted to contact Golden Eagle Market or the state agency responsible for the disbursement of her checks.  (See generally ECF No. 4).

Plaintiff indicates that she contacted USPS in person at the West Sacramento distribution center, and by phone, at which time she filed a claim for her lost checks.  (Id. at 5.)  Plaintiff

---

[2] All facts are derived from plaintiff's First Amended Complaint unless otherwise noted.  (See ECF No. 4.)

2

states that she has not received any final disposition of the claim she filed with USPS and thus plaintiff seeks "replacement (or repayment) of her lost CalPERS checks . . . as well as punitive and exemplary damages[.]"  (Id.)

Plaintiff filed the current action on April 4, 2019.  (ECF No. 1.)  USPS filed a timely motion to dismiss, which is presently before the court.  (ECF No. 16.)  Defendant Golden Eagle Market has not entered this matter.

## II.    LEGAL STANDARDS

### A. Motion to Dismiss Under FRCP 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction.  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and internal quotes omitted).  When ruling on a motion to dismiss for lack of subject matter jurisdiction, the court takes the allegations in the complaint as true.  Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).  However, the court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  Tosco Corp. v. Communities for a Better Env't., 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), abrogated on other grounds by Hertz Corp v. Friend, 559 U.S. 77 (2010).

### B. Sovereign Immunity and the Federal Tort Claims Act

The United States and its federal agencies are immune from suit absent a waiver providing for their consent to be sued.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994).  "The terms of consent to be sued may not be inferred, but must be 'unequivocally expressed.'"  United States v. White Mt. Apache Tribe, 537 U.S. 465, 472 (2003) (citation omitted).  A waiver of sovereign immunity is strictly construed in favor of the government, and the plaintiff bears the burden to

show that the United States has waived its immunity as to the specific claim asserted. Cunningham v. United States, 786 F.2d 1445, 1446 (9th Cir. 1986).

The Postal Reorganization Act (PRA) provides that the USPS is an independent executive agency of the United States and enjoys sovereign immunity absent a waiver. See 39 U.S.C. § 201; MB Fin. Grp., Inc. v. U.S. Postal Serv., 545 F.3d 814, 816 (9th Cir. 2008). The PRA waives the Postal Service's sovereign immunity to some extent by granting the Postal Service the power "to sue and be sued in its official name," and it provides that the Federal Tort Claims Act (FTCA) "shall apply to tort claims arising out of activities of the Postal Service[.]" Dolan v. United States Postal Serv., 546 U.S. 481, 484 (2006) (citations omitted). The FTCA provides the exclusive remedy for tort actions against the Postal Service. See 28 U.S.C. § 2679(a); Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam).

The United States, and thereby the USPS, has waived its sovereign immunity in civil actions under the FTCA "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. § 1346(b)(1). The district court has exclusive jurisdiction over civil actions seeking monetary damages for torts committed by government employees acting in the scope of their employment. United States v. Park Place Assocs., Ltd., 563 F.3d 907, 924 (9th Cir. 2009).

### III. DISCUSSION

**A. The federal government has not waived its sovereign immunity under the FTCA regarding claims for the negligent handling or loss of mail.**

The Court lacks subject-matter jurisdiction over plaintiff's claim against USPS for the loss of her mail. Under the FTCA, the USPS has explicitly provided an exception for its waiver of sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This includes "negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address." Dolan, 546 U.S. at 486 (citing Raila v. United States, 355 F.3d 118, 121 (2nd Cir. 2004) (finding that

1  § 2680(b) applies categorically to "injuries arising, directly or consequentially, because mail

2  either fails to arrive at all or arrives late")).  In Dolan, the Court further explained that the

3  exception extends "to situations involving personal or financial harms arising from nondelivery or

4  late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure

5  notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)."  Id.

6  Plaintiff claims that her mail "should have been secured by the post office," and as a result

7  of some unknown and unspecific alleged wrongdoing, plaintiff's retirement checks are

8  "lost/missing."  (See ECF No. 4 at 5.)  Plaintiff's claim for lost or mishandled mail falls squarely

9  within the FTCA postal matter exception.  See 28 U.S.C. § 2680(b); Dolan, 546 U.S. at 489;

10  Beasor v. United States Postal Serv., 2018 U.S. Dist. LEXIS 65496, at *7 (E.D. Cal. Apr. 18,

11  2018) ("The Court finds that Plaintiff's claim arises out of the negligent transmission of postal

12  matter and clearly falls within the postal matter exception to the FTCA."); see also Bono v.

13  United States, 145 F. Supp. 2d 441, 445 (D.N.J. 2001) (finding that § 2680(b) covers the loss or

14  miscarriage of mail).  Therefore, the federal government has not explicitly waived its sovereign

15  immunity for this type of claim, and the USPS should therefore be dismissed from this case.

16  **B.  Non-moving defendant Golden Eagle Market should be dismissed.**

17  "A District Court may properly on its own motion dismiss an action as to defendants who

18  have not moved to dismiss where such defendants are in a position similar to that of moving

19  defendants or where claims against such defendants are integrally related."  Silverton v. Dep't of

20  Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice

21  where the [plaintiffs] cannot possibly win relief."  Omar v. Sea-Land Serv., Inc., 813 F.2d 986,

22  991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to

23  defendants who have not been served and defendants who have not yet answered or appeared.

24  Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We

25  have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis

26  of facts presented by other defendants which had appeared"); see also Bach v. Mason, 190 F.R.D.

27  567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

28

Here, it does not appear that defendant Golden Eagle Market has been served, and it has not responded to plaintiff's complaint.  However, plaintiff assigns all liability in this matter to USPS, and plaintiff does not address any purported relationship between USPS and Golden Eagle Market or how the Market could otherwise be liable in this action.  Therefore, plaintiff's complaint does not allege sufficient facts to state a claim upon which relief could possibly be granted against Golden Eagle Market.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Omar, 813 F.2d at 991 (holding that a court may dismiss a non-moving defendant sua sponte pursuant to Fed. R. Civ. Proc. 12(b)(6)).  Accordingly, the undersigned recommends that defendant Golden Eagle Market be dismissed as well.  See Omar 813 F.2d at 991; Columbia Steel Fabricators, 44 F.3d at 802.

## IV.   CONCLUSION

The undersigned finds that the court lacks subject-matter jurisdiction over plaintiff's claim and plaintiff's complaint should be dismissed with prejudice.  See Beasor, 2018 U.S. Dist. LEXIS 65496, at *7 (dismissing a similar claim with prejudice for lack of subject-matter jurisdiction).  Because the undersigned recommends dismissing this matter pursuant to § 2680(b), the court does not address the remaining issues raised in defendant's motion.

Accordingly, it is HEREBY RECOMMENDED that:

1. Defendant's Motion to Dismiss (ECF No. 16) be GRANTED
2. Plaintiff's First Amended Complaint (ECF No. 4) be DISMISSED with prejudice; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: April 30, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

.Halo.0588